FRED W. JONES, Jr., Judge.
The defendant O’Guin was originally charged with several counts of simple burglary (R.S. 14:62). Pursuant to plea negotiations, he pled guilty to two counts of simple burglary and the other five charges were dismissed. Charges against his wife were also dismissed. Defendant was sentenced on each count to be imprisoned at hard labor for 12 years, to run concurrently, and to pay a fine of $1,000 on each count. Defendant has appealed the sentences on the ground of excessiveness.
Defendant first argues that the trial judge gave excessive weight to the dismissed burglary charges. He is incorrect in this contention. Arrests may be considered in imposing sentence provided the defendant is given notice of the derogatory information and is given a chance to speak in mitigation. State v. Williams, 412 So.2d 1327 (La.1982). This defendant admitted his involvement in the charges that were dismissed. Consequently, it was proper for the trial judge to consider these charges in fixing the sentences.
It is further asserted that the trial court, in using a checklist, failed to adequately comply with La.C.Cr.P. Article 894.1. We note that the checklist form used by the trial judge also contains a section which permits the individualization of the sentence to the defendant. The form contains substantial information concerning the defendant’s participation in these two offenses. Consequently, we conclude that the trial judge adequately complied with Article 894.1.
Defendant also complains that his attorney erroneously informed him that the maximum imposable prison sentence for simple burglary was 9 rather than 12 years. Although that error was concededly made by the appointed attorney, the record reveals that it was corrected in open court and the defendant understood his exposure on each count was imprisonment for 12 years.
In conclusion, we note that the imposition of a fine of $1,000 on each count, with no provision for a jail sentence in default thereof, is illegal and must be vacated. La.C.Cr.P. Art. 884. Furthermore, imprisonment beyond the maximum duration fixed by statute may not be constitutionally imposed upon a defendant who is financially unable to pay a fine. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); State v. Williams, 288 So.2d 319 (La.1974).
Considering the factors described, we do not find the concurrent 12 year prison sentences imposed upon the defendant to be excessive. However, for the reasons expressed, we vacate those portions of the sentences imposing the $1,000 fines and remand the case to the trial court to reconsider the legality of these fines in the light of Williams v. Illinois and State v. Williams, supra. If the guidelines imposed by those cases are deemed satisfied, jail sentences in default of payment of the fines must be imposed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.