501 So.2d 916 (1987)
STATE of Louisiana, Appellee,
v.
Dean ROYE, Appellant.
No. 18226-KA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1987.
*917 E. Orum Young, Lafayette, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., Wilson Rambo, Asst. Dist. Atty., W. Monroe, for appellee.
Before MARVIN, JASPER E. JONES and LINDSAY, JJ.
LINDSAY, Judge.
Following sales of marijuana to a Ruston Police Officer who was working in an undercover capacity, the defendant, Dean Roye, was charged with two counts of distribution of marijuana, a violation of LSA-R.S. 40:966. Pursuant to a plea bargain agreement, the defendant pled guilty to one count of attempted distribution of marijuana, a violation of LSA-R.S. 14:27 and 40:966 and to one count of possession of marijuana, a violation of LSA-R.S. 40:966. For his conviction of attempted distribution of marijuana, the trial court sentenced the defendant to serve three years at hard labor, plus pay a fine of $5,000, or serve one year in jail in default thereof. Additionally, on the charge of possession of marijuana, the defendant was sentenced to serve four months imprisonment and pay a $500 fine plus costs, or serve sixty days in jail in default of payment. Defendant appeals, contending that the sentences imposed are excessive. We amend the sentences and affirm as amended.
The test imposed by a reviewing court in determining excessiveness of the sentence is two pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C. Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance *918 with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which must be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981).
In this case, the reasons given by the trial judge for defendant's sentence demonstrates an adequate compliance with LSA-C.Cr.P. Art. 894.1. It was determined that the defendant had an extensive misdemeanor record and that this was his second felony conviction involving controlled dangerous substances. The trial judge also felt that this was a very serious offense in that defendant would willingly participate in the introduction of drugs into the community. As mitigating circumstances, the trial judge considered the defendant's limited education (eleventh grade) and that he was from a good family environment. The defendant's age, twenty-eight, was considered an aggravating circumstance since defendant could not be considered a youthful offender. Additionally, this was not defendant's first involvement with the judicial system and he was ineligible for probation. As a further aggravating circumstance, the trial court noted that the defendant had not maintained steady employment for long periods of time and had no skills or goals.
The factors listed above demonstrate the trial court's adequate compliance with LSA-C.Cr.P. Art. 894.1. The trial judge made an adequate articulation of the factual basis for the sentence imposed.
Second, the reviewing court must determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1 § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of the sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
In selecting a proper sentence, a trial judge is not limited to considering only defendant's prior convictions; he may properly review all prior criminal activity. State v. Pierson, 296 So.2d 324 (La.1974). In cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the trial court has great discretion in the imposition of a sentence. This is particularly true in cases where a significant reduction in potential exposure to imprisonment has been obtained through the plea bargain process. State v. Lanclos, supra. A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentence. State v. Smack, 425 So.2d 737 (La.1983).
The defendant was originally exposed to a maximum possible punishment of ten years at hard labor plus a fine of $15,000 on each count of distribution of marijuana. Through the use of a plea bargain process, the defendant lowered the maximum possible sentence to five years at hard labor plus a fine of $7,500 for attempted distribution of marijuana and six months plus a $500 fine for possession of marijuana. Hence, defendant received a significant reduction in his exposure to punishment. Although defendant was subject to imprisonment for five years at hard labor and six months of imprisonment, the actual length of incarceration imposed upon him was three years and four months. The reduction in sentencing exposure, along with the factors mentioned by the trial judge in sentencing, lead to the conclusion that the sentences to incarceration imposed *919 upon the defendant are not unconstitutionally excessive.
However, those portions of defendant's sentences which require him to serve additional periods of incarceration in default of the payment of fines and costs are constitutionally impermissible. Error exists in the sentencing of an indigent defendant to additional imprisonment for the nonpayment of fines. Particularly, for his conviction for attempted distribution of marijuana, defendant was sentenced to serve one year imprisonment in the event of defaulting on payment of the fine of $5,000. Likewise, for his conviction for possession of marijuana, the defendant was sentenced to serve sixty days additional imprisonment if he defaulted on a $500 fine.
Defendant's indigency is established by the minutes of the trial court. The defendant was found indigent and an attorney was appointed to represent him. State v. Williams, 288 So.2d 319 (La.1974); State v. Williams, 489 So.2d 286 (La.App. 4th Cir. 1986).
The U.S. Supreme Court has held that when the aggregate imprisonment exceeds the statutory maximum and results from an involuntary failure to pay a fine, there is an impermissible descrimination that rests solely on the inability to pay. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). This rule has consistently been followed in Louisiana appellate decisions. State v. Helsley, 457 So.2d 707 (La.App. 2d Cir.1984); State v. Williams, 480 So.2d 432 (La.App. 4th Cir. 1985), writ granted 484 So.2d 662 (La.1986); and State v. Plaisance, 444 So.2d 665 (La. App. 1st Cir.1983).
However, the Louisiana Supreme Court has apparently extended this rule to provide that the state cannot impose a fine as a sentence and then automatically convert it into a prison term solely because the defendant is indigent and cannot pay the fine, regardless of whether the aggregate sentence exceeds the statutory maximum, relying upon Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970) and Williams v. Illinois, supra. See: State v. Garrett, 484 So.2d 662 (La. 1986); State v. Williams 484 So.2d 662 (La.1986); State v. Pinkney, 488 So.2d 682 (La.1986)
Based upon these more recent pronouncements of the Louisiana Supreme Court, by which we are bound, this court, and other appellate courts of this state, have now been required to reverse and set aside, as unconstitutional, jail terms in lieu of the payment of fines assessed to indigent defendants. State v. Gooden, 502 So.2d 1180 (La.App. 2d Cir.1987); State v. Williams, 489 So.2d 286 (La.App. 4th Cir.1986); State v. White, 476 So.2d 1162 (La.App. 3rd Cir.1985); and State v. Bohanna, 491 So.2d 756 (La.App. 1st Cir. 1986).
Based on the aforementioned decisions, we are compelled to follow the pronouncements of the Louisiana Supreme Court which hold that the state cannot impose a fine as a sentence and then automatically convert it into a prison term solely because the defendant is indigent and cannot pay the fine, regardless of whether the aggregate sentence exceeds the statutory maximum.
Therefore, defendant's primary sentences to incarceration are affirmed, but the sentences are amended to delete that portion thereof which requires the defendant to serve one year imprisonment in default of payment of the $5,000 fine and to serve an additional sixty days in jail in default of payment of the $500 fine and costs.
SENTENCES AMENDED AND AS AMENDED, AFFIRMED.