506 So.2d 562 (1987)
STATE of Louisiana
v.
Willie R. LEWIS.
No. 19094-KW.
Court of Appeal of Louisiana, Second Circuit.
March 25, 1987.
*563 Joseph A. Cusimano, Jr., Asst. Dist. Atty., for appellant.
Robert R. Earle, Farmerville, for appellee.
Before MARVIN, FRED W. JONES, Jr., and LINDSAY, JJ.
The defendant Lewis, having been declared indigent and represented by court-appointed legal counsel, pled guilty to DWI, 2d offense. The defendant was sentenced to pay a fine of $500 and costs and, in default thereof, to serve 90 days in jail. Additionally, the defendant was sentenced to serve 90 days in jail. However, upon payment of the fine and costs, the additional jail sentence was to be suspended and defendant was to be placed on supervised probation for 2 years.
Defendant has applied to this Court for a writ of review, asking that any portion of his sentence condemning him to serve time in jail in default of paying a fine be vacated as unconstitutional.
In State v. Roye, 501 So.2d 916 (La.App. 2d Cir.1987), the defendant was sentenced to imprisonment, payment of fines and additional jail time in default thereof. We considered the contention on appeal that these sentences were excessive. We first recognized the well-established rule that "when the aggregate imprisonment exceeds the statutory maximum and results from an involuntary failure to pay a fine, there is an impermissible discrimination that rests solely on the inability to pay." We then added:
"However, the Louisiana Supreme Court has apparently extended this rule to provide that the state cannot impose a fine as a sentence and then automatically convert it into a prison term solely because the defendant is indigent and cannot pay the fine, regardless of whether the aggregate sentence exceeds the statutory maximum...."
Cited as support for this statement were State v. Garrett, 484 So.2d 662 (La.1986); State v. Williams, 484 So.2d 662 (La.1986); and State v. Pinkney, 488 So.2d 682 (La. 1986). We also considered the following Courts of Appeal decisions which set aside, as unconstitutional, jail sentences to be served in default of payment of fines by indigent defendants: State v. Gooden, 502 So.2d 1180 (La.App. 2d Cir.1987); State v. Bohanna, 491 So.2d 756 (La.App. 1st Cir. 1986); State v. Williams, 489 So.2d 286 (La.App. 4th Cir.1986); State v. White, 476 So.2d 1162 (La.App. 3rd Cir.1985).
Upon further reviewing the state supreme court decisions, we have concluded the Louisiana Supreme Court has not rendered a definitive opinion on this question. In each case, the state supreme court simply granted a writ to the court of appeal, *564 affirmed the conviction of the defendant, but amended the sentence to delete only that portion which imposed a jail sentence in default of payment of a fine. Cited as authority for the ruling were the U.S. Supreme Court cases of Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) and Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (197).
In Tate the defendant, unable to pay fines on convictions for traffic offenses in a Texas court, was committed to the municipal prison farm. The U.S. Supreme Court set aside the jail sentence, holding that defendant was imprisoned "solely because of his indigency." However, the court added:
"We emphasize that our holding today does not suggest any constitutional infirmity in imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so. Nor is our decision to be understood as precluding imprisonment as an enforcement method when alternative means are unsuccessful despite the defendant's reasonable efforts to satisfy the fines by those means; the determination of the constitutionality of imprisonment in that circumstance must await the presentation of a concrete case."
In Bearden, the question was whether the 14th Amendment prohibits a state from revoking an indigent defendant's probation for failure to pay a fine and restitution. The U.S. Supreme Court held the trial court erred in automatically revoking probation because defendant could not pay his fine "without determining that petitioner had not made sufficient bona fide efforts to pay or that adequate alternative forms of punishment did not exist." The court expressly ruled:
"... that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment."
Neither the U.S. Supreme Court nor the Louisiana Supreme Court has held that under no circumstances may a trial court order the imprisonment of an indigent defendant upon his default in paying a fine. We conclude, from our review of the cited U.S. Supreme Court cases, that where an indigent defendant fails to pay a fine within the prescribed time and pleads inability to do so, before execution of a prison or jail sentence in default thereof, the trial court must hold a hearing or an inquiry to determine whether the defendant has made a bona fide effort to pay the fine. If the bona fide effort has been made, the trial court must consider alternative measures of punishment other than imprisonment. For example, the trial court may extend the time for paying the fine, provide for installment payments or direct that the defendant perform some form of labor or community service in lieu of the fine.
Therefore, this writ is granted to the extent that if, within the prescribed time defendant does not pay his fine and pleads inability to do so, the sentencing court shall hold a hearing to inquire into the reasons for failure to pay. If defendant willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the trial court may order execution of the jail sentences. If the defendant could not pay his fine despite sufficient bona fide efforts to acquire *565 the resources to do so, the trial court must consider alternative measures of punishment other than imprisonment. Only if the alternative measures are not adequate to meet the State's interests in punishment and deterrence, for reasons articulated by the trial judge, may the trial court order execution of the jail sentences.
Otherwise, the writ is denied.