512 So.2d 663 (1987)
STATE of Louisiana
v.
Keith T. TAYLOR.
No. 19300-KW.
Court of Appeal of Louisiana, Second Circuit.
September 3, 1987.
*664 Culpepper, Teat, Caldwell & Avery by Bobby L. Culpepper, Jonesboro, for appellant.
John C. Blake, Dist. Atty., Jonesboro, George H. Meadors, Asst. Dist. Atty., Homer, for appellee.
Before HALL, MARVIN and SEXTON, JJ.

WRIT DENIED.
The applicant complains that the trial court, at a hearing on the defendant's trial court motion to set aside a detainer placed on him by virtue of a fine received in connection with his aggravated battery conviction, added jail time to his sentence in default of the payment of that fine.
If no default provision is made for a jail sentence, the sentence is illegal. State v. O'Guin, 467 So.2d 854 (La.App. 2d Cir. 1985). Thus, a trial judge, even post-appeal, under the authority of LSA-C.Cr.P. Art. 882 and 916 may correct that illegal sentence. State v. Fraser, 484 So.2d 122 (La.1986).
While not specifically assigned as error, the defendant also strenuously argues that jail time in lieu of a fine may not be assessed against an indigent. Thus, the defendant contends to us that he is indigent. (However, he is represented by retained counsel and his application contains no affidavit of indigency, or other evidence thereof. The fine in this case, $5,000, is a large one. Since the defendant is serving a penitentiary sentence, his indigency with respect to this fine seems probable.)
Neither the United States Supreme Court nor the Louisiana Supreme Court has held that under no circumstances may a trial court order the imprisonment of an indigent defendant upon his default of payment of a fine. The appropriate procedure is for the trial court to determine whether the defendant has willfully refused to pay or make bona fide efforts to legally acquire the resources to pay. If the defendant has not willfully refused to pay and has made bona fide efforts to attempt to pay the fine, then the trial court has the option to fashion alternative measures of punishment other than imprisonment to include installment payments or community service. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); State v. Lewis, 506 So.2d 562 (La.App. 2d Cir.1987).
In this instance, the alleged reason the defendant filed the motion in the trial court, and this writ thereafter, is that a detainer based on the fine precludes his participation in a work release program. In other words, the defendant alleges that the Department of Corrections is treating the unpaid fine as a "detainer" to adversely affect the defendant's right to work release per LSA-R.S. 15:1111.
*665 Regulations of the Department of Corrections (Regulation No. 30-14, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, CORRECTIONS SERVICES, dated April 25, 1985) deal with detainers. These regulations (further labeled "ADULT SERVICES, PLACEMENT AND TRANSFER OF OFFENDERS: Selection Criteria") indicate that a detainer for a felony charge will make an inmate ineligible for work release (Selection Criteria for the North and South Work Training FacilitiesParagraph 7[D]). However, the regulations specifically provide that detainers for fines will not disqualify an inmate from assignment to a facility for which he is otherwise eligible ("DETAINERS"Paragraph 9).
Therefore, if a detainer as a result of a fine is indeed precluding the defendant from obtaining work release, that action is contrary to the regulations of the Department of Corrections. Such a circumstance should be challenged in the district court where the defendant is incarcerated.
In making the foregoing determination, we feel constrained to note that we presume that the defendant has not been called upon by the sentencing jurisdiction to pay the fine at issue, and thus the simple fact that the fine is part of his sentence is being used by the department as a "detainer." In this regard, a brief word about detainers.
A "detainer" has no official status in our law. It is simply a phrase used by incarcerating authorities to describe a variety of devices emanating from jurisdictions that have a claim on an incarcerated defendant after completion of his current sentence. A detainer may result from an official document such as an arrest warrant or a bench warrant for failure to appear. On the other hand, it may simply result from a letter advising that the defendant owes a fine, or jail time in lieu thereof, as is perhaps the circumstance in the instant case.
Thus, if the sentencing jurisdiction sent the Department of Corrections a letter (as opposed to a bench warrant for failure to pay) to act as a detainer, then the fine is not due because the defendant has not been "called" upon to pay the fine. In other words, there is no official request for the defendant such as a warrant or extradition request. This is the circumstance that we assume exists here. If so, applicant should challenge any restriction of his "rights" in the appropriate district court.
Thus, there are two important principles which we balance. Primary among these is that an indigent person may not be jailed simply because he is indigent. Therefore, it is inappropriate for the Department of Corrections to treat an inmate who has a pending fine, and jail time in lieu thereof, differently from other inmates. For if that were the case, he would in effect be receiving more restrictive treatment simply because of his indigency. The second principle is that the sentencing jurisdiction has the right to fashion alternatives to jail if an indigent cannot pay a fine.
If an indigent defendant has indeed been "called" upon to pay the fine and a bench warrant has been issued by the sentencing jurisdiction as a result of a failure to pay, then the defendant does have the right to challenge that action in the sentencing district court which then may fashion alternatives to jail, or eliminate the jail time as it sees fit. Should this latter circumstance be at hand in the instant case, then we reserve to applicant his right to demonstrate that to us in another application.
In conclusion, the action of the trial judge here in adding default time was a correction of an illegally lenient sentence and is therefore within the authority of the trial judge. The petition seeking redress on the question of default time is, however, premature because it appears that the defendant has not been "called" upon to pay his fine. Also, and importantly, Department regulations provide that pending fines may not form a basis to preclude an inmate's eligibility for work release. If the Department is incorrectly administering its own regulations, that action should be challenged in the appropriate district court.