514 So.2d 503 (1987)
STATE of Louisiana
v.
John D. PERKINS.
No. 19297-KH.
Court of Appeal of Louisiana, Second Circuit.
September 11, 1987.
John D. Perkins, in pro. per.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James A. Norris, Dist. Atty., W. Monroe, for plaintiff-respondent.
Before JASPER E. JONES, SEXTON and LINDSAY, JJ.
WRIT DENIED.
The applicant, John Perkins, complains that the trial court improperly dismissed his application for post conviction relief as *504 premature. The applicant alleged he is incarcerated serving a sentence of two years at hard labor for the commission of a felony and that he was also sentenced to pay a fine of $1,000 and costs or in default thereof to serve an additional six months in prison. The applicant contends he is indigent and cannot pay the fine and that the detainer placed against him by the authorities of Ouachita Parish, Louisiana for the default time has adversely affected his incarceration. The applicant alleges that "various rights are being denied to him, that otherwise he would enjoy."
In the trial court, the applicant contended that he was being denied the opportunity of attaining trustee status, a higher prison classification, preferred work assignments, work release and similar rehabilitative programs of the Louisiana Department of Corrections and that the detainer has generally affected his right to parole consideration. However, the applicant did not allege the manner in which the Department of Corrections was denying him rights of which he was otherwise entitled nor has he documented his claim to indigency.
An applicant cannot be jailed for failure to pay a fine simply because he is indigent. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). If the defendant has not willfully refused to pay and has made bona fide efforts to attempt to pay the fine, then the trial court has the option to fashion alternative measures of punishment other than imprisonment to include installment payments or community service. Bearden v. Georgia, supra; Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); State v. Lewis, 506 So.2d 562 (La.App. 2d Cir.1987).
In this case, the trial court was correct in denying as premature the applicant's claim for post conviction relief. A jail term based upon a defendant's failure to pay a fine cannot, as a practical matter, be assessed at this time because the applicant is incarcerated elsewhere and because no determination has been made as to whether the failure to pay the fine is attributable to indigency or to other factors. See State v. Taylor, No. 19,300-KH.
Thus, while the jurisdiction imposing the fine is entitled to a resolution on the question of whether the defendant can pay his fine at some point, the denial to applicant by the prison authorities of rights available to immates who are otherwise similarly situated except for such a "detainer" is inappropriate.
The applicant here contends that the detainer placed on him for nonpayment of the fine is presently having an adverse effect upon his incarceration. We note that the regulations of the Department of Corrections are not aimed at denying the rights available to a defendant based solely upon detainers for nonpayment of the fine.
For example, the regulations of the Department of Corrections[1] specifically provide that detainers for fines will not disqualify an inmate from assignment to a facility for which he is otherwise eligible.
However, if a detainer is adversely affecting the defendant's incarceration and depriving him of his rights simply because of his indigency or because of an improper or illegal application of the laws, statutes, regulations or policies governing the Department of Corrections and its institutions, then such action by the Department of Corrections and the prison authorities should be challenged by the defendant in the district court where the defendant is incarcerated.
DENIED.
NOTES
[1] Regulation No. 30-14(9)(A), Department of Public Safety and Corrections Services, dated April 2, 1985, provides in pertinent part: Detainers for traffic violations, court costs, criminal neglect of family and fines will not disqualify an inmate for assignment to any facility for which he is otherwise eligible.