524 So.2d 114 (1988)
STATE of Louisiana
v.
David B. DENIS.
No. KA-5036.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1988.
*115 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Terry Boudreaux, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GARRISON, LOBRANO and WILLIAMS, JJ.
GARRISON, Judge.
The defendant, David B. Denis, was charged by bill of information with six counts of burglary of an inhabited dwelling, violations of LSA-R.S. 14:62.2, and one count of possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. The defendant originally pled not guilty on all counts, then changed his pleas to guilty as charged on all counts and later withdrew those guilty pleas. In this case, defendant was tried on four counts of burglary of an inhabited dwelling and was found guilty as charged on all four counts by a jury. The trial judge originally sentenced the defendant to twelve years at hard labor on each count, with the sentences to run consecutively. The defendant was subsequently adjudged to be a multiple offender. His original sentences were then vacated and he was resentenced as a multiple offender to twenty-four years at hard labor on each count, with the sentences to run consecutively. Defendant now appeals his convictions and sentences.
On June 17, 1984, at approximately 3:45 p.m., Officers Julie Jones and Christy Williams of the New Orleans Police Department responded to a call of a residence burglary in progress at 3527 Roger Williams Drive in New Orleans. The resident of that address, Gerald Gandolfo, had arrived home and found the defendant inside filling a duffel bag with Gandolfo's video cassette recorder equipment. Upon seeing Gandolfo, the defendant fled the house, dropping the duffel bag and its contents in the backyard. Gandolfo chased the defendant for a distance and got close enough to get a description of him. When it became apparent that he would not catch the defendant, Gandolfo returned home and called the police. The police found that a window to the house had been opened, the latch to that window had been broken and the window screen had been cut.
Approximately one-half hour later, the police got another call about an activated burglar alarm at 3117 Yupon Street, only two blocks away from the Gandolfo home on Roger Williams Drive. The residents of the Yupon Street home, Mr. & Mrs. Edward Gantt, were not at home when the alarm sounded. As the police were attempting to locate Mr. & Mrs. Gantt, they saw a blue Chevrolet El Camino pickup truck turn onto Yupon Street. Officer Jones looked at the driver and realized that he fit the description given by Mr. Gandolfo of the man that he chased out of his home.
The officers got in their car to pursue the blue pickup truck and a chase ensued. A description of the truck and its driver was radioed to other police units. The suspect was later apprehended by another unit. Mr. Gandolfo was called to the scene and he identified the defendant as the man who he had seen burglarizing his home. Officer Jones arrived at that scene, looked into the pickup truck and saw a revolver and some tools. She then took custody of *116 the weapon. The suspect was noticed moving suspiciously in the back of the police car. When he was removed from the car, the officers found several pieces of jewelry and a crucifix.
Shortly after the defendant's arrest, the police saw Louis McElwee stopped next to the blue truck which defendant had been driving. McElwee told police that the truck belonged to him. The police then instructed McElwee to return to his home on Roger Williams Drive which had also been burglarized that afternoon. A window to McElwee's home had been opened with a crowbar which was found next to the window. The house had been ransacked and a gun and jewelry were missing. The gun found in the blue El Camino truck when defendant was apprehended was later identified by McElwee as the gun missing from his home.
On the same afternoon and in the same area, James Moore returned to his home at 3473 Derby Place and discovered that it had been burglarized. A window to his home had been opened with a crowbar which was still on the ground. Moore's house had been ransacked and a small crucifix had been taken. The crucifix recovered from the back seat of the police car in which defendant was sitting after his arrest was later identified by Moore as the one taken from his house.
A review of the record for errors patent reveals that the trial court erred in enhancing defendant's sentences on all four counts. The Louisiana Supreme Court has held that convictions on more than one count entered on the same date should be treated as one conviction for purposes of enhancing sentences pursuant to LSA-R.S. 15:529.1. State v. Sherer, 411 So.2d 1050 (La.1982). Accordingly, defendant's enhanced sentences must be vacated.
When an enhanced sentence is vacated, the usual procedure of this Court is to reinstate the original sentence. However, because we find even the original sentences to be excessive in this case, we are also vacating the original sentences for the reasons stated in defendant's first assignment of error.
In the first assignment of error, the defendant contends that his sentences are excessive because he received the maximum sentence possible on all four counts and because these sentences are to be served consecutively. In stating his reasons for these severe sentences, the trial judge noted that the defendant has two prior burglary convictions. The trial judge also stated his opinion that the defendant is a professional burglar.
The sentencing transcript indicates that the trial judge did not adequately comply with LSA-C.Cr.P. art. 894.1 which requires that the trial judge state any aggravating or mitigating factors which caused him to determine the sentence imposed. However, failure to strictly comply with C.Cr.P. art. 894.1 is not grounds for remand if the record otherwise supports the sentencing choice of the trial judge.
We conclude that the record in this case does not support the four consecutive twelve year sentences given to defendant for his four convictions of burglary of an inhabited dwelling. (The four enhanced consecutive sentences of twenty-fours at hard labor are being vacated for the grounds stated above). Although the defendant has a history of committing burglaries, we find that these consecutive sentences are excessive. The defendant's actions certainly warrant a severe penalty but a total sentence of forty-eight years cannot be supported by the record. Therefore, we vacate the defendant's sentences and remand this case for resentencing due to the failure of the trial judge to comply with C.Cr.P. art. 894.1.
In the second assignment of error, the defendant claims that the trial court erred in finding him to be a multiple offender after the order of appeal had been entered. However, the record indicates that the defendant's motion for appeal was not granted until after defendant was sentenced as a multiple offender.
Furthermore, LSA-C.Cr.P. art. 916 was amended in 1986 to authorize the sentencing of a defendant pursuant to the habitual offender law after the order of appeal is *117 entered. This amendment has retroactive application; therefore, although the defendant's enhanced sentence was imposed before his motion for appeal was entered, if the opposite had been true, the trial court still would have retained jurisdiction to sentence the defendant as a multiple offender.
Therefore, this assignment of error is without merit.
In a pro se assignment of error, the defendant argues that the evidence introduced at trial was insufficient to support the four convictions for burglary of inhabited dwellings. In reviewing the sufficiency of evidence to support a conviction, an appellate court must examine the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found that the elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
LSA-R.S. 14:62.2 states as follows:
"Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
"Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years."
In this case, the State presented direct evidence on the Gandolfo burglary. Mr. Gandolfo testified that he walked into his house and found the defendant inside gathering Gandolfo's possessions. He then chased the defendant who attempted to take Gandolfo's possessions with him but these items were dropped in the backyard. Clearly, the evidence was sufficient to support this count of the burglary conviction.
For the other three counts, the State relied on circumstantial evidence to prove that the defendant entered the residences with an intent to commit a felony or theft therein. Specifically, the following evidence was presented: 1) all four burglaries occurred within the same area, on the same date, within several hours; 2) in all four burglaries, entrance was made through a rear window or door which was either broken or opened with a crowbar or screwdriver; 3) the defendant was apprehended in a truck belonging to the owner of one of the burglarized residences and the keys to that truck were usually kept on the owner's bedroom dresser; 4) a gun taken from that same residence was found in the truck after defendant was apprehended and 5) jewelry removed from another residence and a crucifix removed from a third residence were found in the back of the police car where defendant had been placed after his arrest.
Therefore, the evidence in this case was clearly sufficient to support the defendant's convictions on all four counts of simple burglary of an inhabited dwelling.
For these reasons, the defendant's convictions are affirmed. However, his original and enhanced sentences are vacated. This case is remanded to the trial court for resentencing.
CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING.