PER CURIAM.
The defendant, Oliver Easter, Jr., was charged by bill of information with unauthorized entry of an inhabited dwelling. Pursuant to a plea bargain agreement, the defendant pled guilty to attempted unauthorized entry of an inhabited dwelling on April 21, 1986. On June 4, 1986, the defendant was sentenced to three years imprisonment at hard labor and was ordered to pay the costs of his prosecution. In default of the payment of the assessed costs, he will be required to serve an additional 30 days in jail. The defendant appeals his sentence. We amend the sentence and affirm as amended.
After attending a party, the defendant drove a friend home. The defendant claims that after he stopped at the friend’s house, he could not get his car started. Although the defendant fell asleep in his car, it soon became too cold for him to sleep in his car. He decided to try to walk home. He stopped at the house of Maxine Norris and knocked at the patio door. When nobody came to the door, he decided to enter the house through a window.
Maxine Norris’ daughter and the daughter’s boyfriend were watching television when they heard strange noises in the house. Upon investigation, they found the defendant hiding in a corner of one of the rooms. They knew the defendant and engaged him in conversation. He told them that he had come inside only to avoid the cold weather. When the couple left to awaken others in the house, the defendant fled. Several hours later the police found him and arrested him.
The defendant, in proper person, filed assignments of error claiming that (1) “the District Court erred, as a matter of law, in giving defendant an illegal, unlawful, excessive and/or unconstitutional sentence in this matter,” and (2) “Mr. Robert Earle failed to provide petitioner with effective assistance of counsel, as required by both the United States and Louisiana State Constitutions. This assignment of error is made in reference to Strickland v. Washington [466 U.S. 668] 104 S.Ct. 2052 [80 L.Ed.2d 674] (1984).” His attorney then filed specifications of error claiming excessive sentence. He later filed a supplemental specification of error which added the claim that the sentence imposed was unconstitutional in that the defendant would be required to serve thirty days in jail in lieu of costs if he were unable to pay.
Subsequent to the filing of these assignments of error, the defendant requested that a new attorney be appointed, and that request was granted on June 16, 1988. The assignment of error relating to effective assistance of counsel was not briefed nor argued, and therefore it is con *803 sidered abandoned. State v. Domingue, 298 So.2d 723 (La.1974); State v. Williams, 338 So.2d 672 (La.1976). Furthermore, the issue of effectiveness of counsel is a matter that should be handled by application for post-conviction relief. The record before the Court is inadequate for review of this issue. The trial court has not dealt with that claim and therefore it is not ripe for review by this Court.
The defendant argues that his sentence is excessive, particularly considering his cooperation with the arresting authorities and the fact that the usual sentence for this offense is two years instead of three years. The defendant does not complain of inadequate articulation under LSA-C.Cr.P. Art. 894.1, and indeed, the trial court articulation of the reasons for the sentence imposed is more than adequate.
In determining the sentence, the trial court focused on the defendant’s previous criminal record. He has both a juvenile and an adult record. As an adult, he was convicted of theft in Arkansas in 1982. He was paroled in September 1983 and satisfactorily completed his parole in March 1985. In 1985 he was convicted of forgery. For that offense he was fined and placed on five years supervised probation.
At the time of the instant sentencing, the defendant was 21 years old. The trial judge found that, considering his prior criminal record, there was a great likelihood of recurrence of criminal activity if this defendant were not incarcerated. He found that as a result of the plea bargain agreement he had already been given considerable leniency. He felt that the seriousness of the offense would be deprecated by imposition of a lesser sentence. As a result, the defendant was sentenced to three years at hard labor and ordered to pay the costs of his prosecution, in default of which he would be required to serve an additional 30 days in jail.
A sentence violates LSA-Const. Art. 1, § 20 (1974) as excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Bonanno, supra. The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through plea bargain and the offense involves violence upon a victim. State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984).
Although the instant offense did not involve violence, the defendant significantly reduced his potential exposure to confinement via the plea bargain agreement. He was originally charged with unauthorized entry of an inhabited dwelling. The maximum imposable sentence for that offense is six years. He received three years after pleading guilty to attempted unauthorized entry of an inhabited dwelling.
Considering the reasons articulated by the trial judge for the sentence imposed, the leniency provided by the plea bargain process, and the defendant’s criminal record, we do not consider the defendant’s sentence to be so disproportionate as to shock the sense of justice.
In his next assignment of error, the defendant argues that the imposition of an additional 30 days, should he default in his requirement to pay the costs of prosecution, is unconstitutional.
When the aggregate imprisonment exceeds the statutory maximum and results directly from an involuntary nonpayment *804 of a fine or court costs, there is an impermissible discrimination that rests solely on an inability to pay. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); State v. Roye, 501 So.2d 916 (La.App. 2d Cir.1987). In the case at bar, the defendant received the maximum sentence, three years at hard labor. Upon his failure to pay court costs, the defendant is sentenced to an additional 30 days in jail. The minutes of the trial court establish the defendant’s indigency. It is irrelevant that the additional jail term is imposed upon a failure to pay court costs rather than a fine. Williams v. Illinois, supra n. 20. The imposition of the additional 30 days is thus constitutionally impermissible. The state cannot imprison a defendant who is financially unable to pay a fine or court costs beyond the statutory maximum. The appropriate remedy is not to revoke assessment of court costs but to revoke the jail term imposed in default thereof.*
Therefore, the defendant’s sentence to three years imprisonment at hard labor is affirmed, but the sentence is amended to delete the portion which requires the defendant to serve 30 days in jail in default of the payment of court costs.
AMENDED, AND AS AMENDED, AFFIRMED.

The instant circumstance presents a different situation than that in which the defendant has received a jail term in lieu of a fine, but the defendant has not been called upon to pay that fine. See State v. Perkins, 514 So.2d 503 (La.App. 2d Cir.1987); State v. Taylor, 512 So.2d 663 (La.App. 2d Cir.1987); State v. Lewis, 506 So.2d 562 (La.App. 2d Cir.1987).