550 So.2d 760 (1989)
STATE of Louisiana, Appellee,
v.
Michael J. MIMS, Appellant.
No. 20,726-KA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1989.
*761 Bobby L. Culpepper, Jonesboro, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, John C. Blake, Dist. Atty., Chris L. Bowman, Asst. Dist. Atty., Jonesboro, for appellee.
Before HALL, MARVIN and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Michael J. Mims, was convicted of distribution of marijuana and possession of marijuana with intent to distribute, violations of LSA-R.S. 40:966. He was sentenced to serve nine years at hard labor and to pay a fine of $15,000.00 on each count. In addition, in default of payment of the fines, he was ordered to serve an additional year on each count. The court ordered the sentences to be served consecutively. The defendant appeals his sentences, claiming they are unconstitutionally excessive and that the sentencing court failed to adequately comply with sentencing instructions previously given by this court. For the following reasons, we vacate the sentences imposed by the trial court and, once again, remand the case for resentencing.

FACTS
The facts forming the basis for these convictions are fully set forth in State v. Mims, 524 So.2d 526 (La.App. 2d Cir.1988). Briefly stated, on November 23, 1984, some time after 9 p.m., a police informant and two Jackson Parish Sheriff's Deputies went *762 to a store operated by the defendant. The informant entered the store and purchased marijuana from the defendant. The informant paid the defendant with a marked twenty dollar bill. After the transaction, the informant told the deputies that the defendant stated he had more marijuana in a safe place in his mobile home.
The deputies prepared a search warrant for the defendant's store and mobile home. The warrant was signed by a district court judge and was executed in the early morning of November 24, 1984. The search revealed the marked twenty dollar bill which the informant used to purchase the marijuana. Approximately 1.7 pounds of marijuana were found in a stereo speaker in the defendant's mobile home.
The defendant was charged by bill of information with one count of distribution of marijuana and one count of possession of marijuana with intent to distribute. The defendant was tried by a jury and found guilty as charged on both counts.
The trial court originally sentenced the defendant to the maximum sentence under each count, ten years at hard labor and a fine of $15,000.00 and ordered that the sentences be served consecutively. On each count, the defendant was also ordered to serve an additional prison term of one year at hard labor in default of payment of the fines. The defendant appealed his convictions and sentences. Included in his assignments of error were objections to the exclusion of black prospective jurors by the State through the use of peremptory challenges. We remanded the case to the trial court for a hearing on this issue in accordance with Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). State v. Mims, 505 So.2d 747 (La.App. 2d Cir. 1987).
A hearing was held and the trial court ruled that the jury had been properly impaneled. Following that hearing, the defendant again appealed his convictions and sentences, urging numerous assignments of error. This court affirmed the defendant's convictions. However, the defendant's sentences were vacated and set aside.
This court ruled that the trial court did not adequately state for the record the sentencing considerations set forth in LSA-C.Cr.P. Art. 894.1 which would justify the imposition of maximum, consecutive penalties for the offenses, particularly since the two offenses arose from "the same act or transaction, or constituted parts of a common scheme or plan." LSA-C.Cr.P. Art. 883. This court also noted that although the trial court referred to the defendant as an habitual offender, the record did not reflect any habitual offender proceedings or adjudication.
We further noted defendant's indigency and that the trial court could not impose default time in lieu of payment of a fine upon an indigent defendant, when to do so would cause the term of imprisonment to exceed the statutory maximum. This court also stated that the trial court could not order that default time, in lieu of payment of the fines, be served at hard labor.
On the basis of these inadequacies in the record of the original sentencing, we remanded the case to the trial court for resentencing. State v. Mims, 524 So.2d 526 (La.App. 2d Cir.1988).
On remand, the trial court made a part of this record the defendant's habitual offender hearing of March 20, 1988 which revealed that he had been adjudicated an habitual offender as a result of a 1982 conviction for attempted distribution of marijuana. The trial court also included in its reasons for sentence the record of the prior sentencing. The court then sentenced the defendant to nine years at hard labor on each count, and imposed fines of $15,000.00 on each count. The sentences were again ordered to be served consecutively and in default of payment of the fines, the defendant was ordered to serve an additional one year on each count.
The defendant again appealed his sentences. Defendant has asserted that the trial court imposed excessive sentences, failed to provide adequate reasons for the sentences, failed to comply with the orders of this court in resentencing the defendant, and erred in directing that the sentences be served consecutively. The defendant also *763 argues that because he is indigent, the sentencing court erred in imposing default time in lieu of payment of the fines.

EXCESSIVE SENTENCE
In determining whether a sentence is excessive, the test imposed by the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the factors set forth in LSA-C. Cr.P. Art. 894.1 which enumerates criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Hammonds, 434 So.2d 452 (La.App.2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La. 1983).
While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983), writ denied 438 So.2d 1112 (La.1983). The important elements which must be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981).
After determining whether the trial court has sufficiently complied with the provisions of LSA-C.Cr.P. Art. 894.1, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra; State v. Brooks, 431 So.2d 865 (La. App. 2d Cir.1983).
A sentence is unconstitutionally excessive in violation of La. Const. 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983).
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions, but may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied 452 So.2d 695 (La. 1984). As a general rule, maximum or near maximum sentences are to be reserved for the worst offenders and the worst offenses. State v. Lathers, 444 So.2d 96 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983); State v. Williams, 454 So.2d 1287 (La.App. 2d Cir.1984).

DISCUSSION
Failure to articulate reasons for imposing sentences as required by LSA-C.Cr.P. Art. 894.1 is not a fatal error if the record clearly illumines reasons for the sentence imposed. Although the LSA-C.Cr.P. Art. 894.1 provides useful guidelines for the determination of the nature and length of the sentence, compliance with its provisions is not an end in itself. Where the record clearly shows an adequate factual basis for the sentence imposed, the reviewing court will not remand, even when there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Smith, 430 So.2d 31 (La.1983); State v. Odom, 511 So.2d 1214 (La.App. 2d Cir.1987), writ denied 515 So.2d 446 (La.1987).
However, when this case was previously considered by this court, there was no presentence investigation or any proof of the *764 defendant's adjudication as an habitual offender. Although the trial court reviewed the factors set forth in LSA-C.Cr.P. 894.1, no personal background was given for the defendant. The sentences imposed were not individualized to this defendant. We also found there were not adequate reasons to support the maximum, consecutive sentences imposed. Therefore, it was necessary to remand the case for resentencing.
Based upon that remand, the defendant was resentenced on November 8, 1988. On that date, the court gave additional reasons for sentence, incorporated the reasons for sentence which it originally gave on April 11, 1986 and made a part of the record the defendant's habitual offender adjudication.
The court recognized the defendant's status as an habitual offender, as now shown by the record of those proceedings filed herein. The court noted that defendant's prior felony was drug related, as were the two offenses in the present case. The court found the defendant's repeated involvement in drug offenses, offenses which threaten serious harm, demonstrated a lack of respect for the law of this state.
The court noted that the defendant was 29 years of age. The defendant was in jail and had no income. The court then reasoned that since the defendant had no income, he was not providing support for any dependents, and, therefore, his imprisonment would not impose an undue hardship upon others. The court stated that if a "hard sentence" was not imposed upon a "three time convicted drug dealer", prohibitions against such crimes would have no effect.
Once again the trial court expressed concern about the seriousness of the crime involving drug distribution and referred to the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1, finding no provocation, likelihood of commission of another offense, need for incarceration, etc. We are as concerned with the seriousness of drug offenses as the trial court. However, in this case, the court once again failed to set forth on the record factors personal to this defendant justifying long periods of incarceration and maximum fines. We find that the sentences imposed are severe and we note several areas of vagueness and imprecision which require that we vacate the sentences and remand for resentencing.

Maximum Sentencing Exposure
In stating its reasons for sentence, the trial court stressed that, as an habitual offender, the defendant could be sentenced to maximum consecutive periods of incarceration of twenty years at hard labor on each count. This is incorrect. In this case, the defendant was found guilty on the same day of two offenses. It is well settled that the enhancement of sentences under LSA-R.S. 15:529.1 cannot apply to all counts for which convictions are entered on the same day. Rather, such convictions are to be treated as one conviction for sentence enhancement purposes. State v. Sherer, 411 So.2d 1050 (La.1982); State v. Denis, 524 So.2d 114 (La.App. 4th Cir. 1988), writ denied 530 So.2d 564 (La. 1988).
Therefore, the defendant was subject to a maximum sentence of twenty years on one count (twice the statutory maximum) and ten years (the statutory maximum) on the other count. LSA-40:966; 15:529.1. The court could order the sentences to be served consecutively, for a maximum sentence exposure of thirty years at hard labor, not forty years as calculated by the sentencing court.
The sentences imposed by the trial court are within the statutory maximums for each count, without enhancement. LSA-R.S. 40:966. However, we must consider whether the misunderstanding of the trial court, as to the maximum sentences which could be imposed, resulted in prejudice to the defendant.
A sentence founded on an incorrect view of the law should usually be set aside. State v. Spruell, 403 So.2d 63 (La. 1981). Having reviewed all the circumstances of this case, we are unable to determine that the court's error did not affect its sentencing decision or operate to the prejudice of the defendant. We must presume that it did. Therefore we must vacate the sentences *765 and remand the case to the sentencing court.
In connection with this remand, we also note that our review of the jurisprudence fails to reveal a similar case in which a defendant received an eighteen year sentence at hard labor, even though a second offender, for a twenty dollar sale of marijuana and possession with intent to distribute less than two pounds of marijuana, both of which arose from the same course of conduct. Without additional information about the defendant and his background it appears that these consecutive sentences may be unconstitutionally excessive.

Consecutive Versus Concurrent Sentences
In our consideration of the original sentences imposed upon the defendant on April 11, 1986, we found that the two offenses for which the defendant was found guilty arose from the same act or transaction or constituted parts of a common scheme or plan.
LSA-C.Cr.P. Art. 883 provides that if a defendant is convicted of two or more offenses based upon the same act or transaction or based upon a common scheme or plan, the terms of imprisonment shall be served concurrently, unless the court expressly directs that some or all of the sentences be served consecutively.
When two or more offenses constitute the same act or transaction or are part of a common scheme or plan, concurrent sentences are generally appropriate, unless the trial court articulates other factors justifying consecutive sentences. In this case, the defendant has committed serious crimes and has a previous criminal record. See State v. Ashley, 463 So.2d 794 (La.App. 2d Cir.1985). Nevertheless, as pointed out above, without additional justification, these consecutive sentences, totalling eighteen years hard labor, may be unconstitutionally excessive.
In the present case, the sentencing court provided general reasons for these sentences, but it did not provide specific reasons for requiring that the sentences be served consecutively rather than concurrently. Absent such reasons, clearly stated in the record, that portion of the sentences ordering that they be served consecutively cannot stand.

Presentence Investigation
In our original opinion, we observed that due to the absence of a presentence investigation and the failure of the court to adequately articulate reasons for the sentences imposed, we were not able to determine from the record, as it existed at that time, a sufficient factual basis for the sentences. This court did not instruct the sentencing court to order a presentence investigation. A sentencing court is generally not required to order such an investigation. State v. Rice, 471 So.2d 837 (La. App. 2d Cir.1985), writ denied 475 So.2d 1104 (La.1985). However, absent a presentence investigation, the record contains little information concerning the defendant's background and we cannot evaluate whether the sentence is tailored to this defendant or is unconstitutionally excessive. The absence of this information adds to the inadequacy of reasons for the sentences imposed upon this defendant. Therefore, upon remand, we direct the sentencing court to order a presentence investigation. The presentence investigation report may prove helpful in formulating and supporting proper sentences upon remand.

Maximum Fines
In addition, our review of the record fails to reveal adequate reasons for imposing the maximum fine of $15,000 for each count upon this defendant, knowing that he is indigent, and then imposing maximum terms of imprisonment for failure to pay. Although the issue of default time in lieu of payment of fines is usually addressed by this court at the time the defendant is called upon to pay the fine, as discussed infra, nevertheless, there should appear some rational basis of the amount of the fine imposed. Under some circumstances, imposition of such fines may be justified. However, in this case, no reasons for these maximum fines appear in the record. Upon the face of the record, these fines *766 appear to be severe. Therefore, we vacate that portion of the defendant's sentences requiring the imposition of maximum fines.

Manner of Serving Default Time
In resentencing the defendant, the trial court imposed hard labor sentences and then ordered that he serve "an additional year" on each count in default of payment of the fines. Previously, we instructed the trial court that the default time could not be served at hard labor. However, in resentencing the defendant, the court failed to specify that the default time is to be served in the parish jail. This point must be clarified in the record in order to avoid any future misunderstandings regarding any default time which the defendant may be required to serve.

Indigency
In originally remanding the case for resentencing, this court pointed out that under the facts presented in the appellate record at that time the imposition of default time in lieu of payment of fines impermissibly caused the defendant's potential incarceration to exceed the statutory maximum under LSA-R.S. 40:966. In remanding the case, we instructed the sentencing court to consider the defendant's indigency which had already been established in the record. We did not, as the defendant now argues, instruct the sentencing court that due to the defendant's indigency, the court was precluded from imposing default time in lieu of payment of a fine.
The defendant cites numerous cases from other appellate courts in this state indicating that a sentencing court may not impose default time in lieu of payment of a fine upon an indigent defendant. This court does not adhere to the reasoning of the other appellate courts which summarily vacate sentences of default time for indigent defendants.
In State v. Lewis, 506 So.2d 562 (La.App. 2d Cir.1987) we said:
Neither the U.S. Supreme Court nor the Louisiana Supreme Court has held that under no circumstances may a trial court order the imprisonment of an indigent defendant upon his default in paying a fine. We conclude, from our review of the cited U.S. Supreme Court cases, that where an indigent defendant fails to pay a fine within the prescribed time and pleads inability to do so, before execution of a prison or jail sentence in default thereof, the trial court must hold a hearing or an inquiry to determine whether the defendant has made a bona fide effort to pay the fine. If the bona fide effort has been made, the trial court must consider alternative measures of punishment other than imprisonment. For example, the trial court may extend the time for paying the fine, provide for installment payments or direct that the defendant perform some form of labor or community service in lieu of the fine.
In State v. Taylor, 512 So.2d 663 (La. App. 2d Cir.1987), this court stated that a claim regarding imprisonment in default of a payment of a fine is premature until a defendant has been called upon to pay the fine.
This issue has been addressed in the Louisiana Law Review. In Devlin, La. Const. Law, 48 La.L.Rev. 335 at 369 (1987), the author stated:
If the proper focus is thus on equalization of sanctions across economic disparities, then the second circuit's refusal to automatically amend sentences to delete fines imposed on the indigent, and its mandate that trial courts should consider alternative sanctions in place of unpayable fines, seem entirely proper. As the United States Supreme Court has recognized in dictum, it would be as inequitable and arbitrary to exempt the indigent from a sanction, the fine, to which the rest of the population is subject as it would be to subject him to an additional penalty in the form of default incarceration. Thus a sentencing court faced with a plea of inability to pay a fine should be required to consider other equivalent sanctions such as deferred or installment payments or community service work. Here, the need for equity would seem to clearly outweigh the cost of any hearing *767 required to make such a determination. The hardest question for the future will be whether circumstances can ever arise which would justify additional jail time when a defendant cannot pay a fine despite bona fide attempts. This awaits another day.
The final set of open issues is essentially procedural; whether inability to pay costs or fines should be presumed from the fact that a defendant qualifies for appointed counsel or whether a separate hearing should be held to determine the ability and efforts of the defendant to pay. Here, too, the second circuit's willingness to engage in case by case determination seems justified. The number of cases and consequent burden on the court would not appear to be great. And the correlation between qualification for appointed counsel and inability to pay costs or fines, on which the fourth circuit's per se rule evidently depends, is scarcely exact. Such a presumption can be both underinclusive, missing those who exhaust their resources on private counsel, and overinclusive, exempting defendants who, though poor enough to qualify for a public defender, nevertheless have the resources to pay reasonable costs or a moderate fine. Equity and avoidance of arbitrary sentencing require no less. [Footnotes excluded]
This court continues to adhere to the view taken in State v. Lewis, supra, and State v. Taylor, supra, that consideration of the issue of default time before a defendant is called upon to pay a fine is premature.
Accordingly, this assignment of error has no merit.

CONCLUSION
For the reasons stated above, we find that the record does not contain sufficient factual data or reasons to support the imposition of two consecutive sentences to nine years at hard labor, or for the imposition of $15,000 fines on each count on this indigent defendant. Due to these insufficiencies, as well as the trial court's misconception of the maximum sentence exposure, we cannot say that the sentences are tailored to the offender and to the offenses. Also, the record does not clearly state that any default time which may be served in lieu of payment of the proper fines is to be served in the parish jail.
Accordingly, we vacate the defendant's sentences and remand the case to the sentencing court with instructions to order a presentence investigation and for resentencing in accordance with law.
REVERSED; SENTENCE VACATED AND REMANDED.