|1BARRY, Judge.
An indigent defendant cannot be subjected to increased imprisonment based on his inability to pay a fine or court costs. State v. Berryhill, 562 So.2d 1105, 1111 (La.App. 4th Cir.1990). A defendant is considered indigent for sentencing purposes if he is found to be indigent at any point in the proceedings, including while on appeal. Id. at 1111-1112. This Court need not consider whether that rule extends to post conviction proceedings where the defendant waived his right to appeal by pleading guilty.
In State v. Perkins, 514 So.2d 503 (La.App. 2d Cir.1987) the defendant filed an application for post conviction relief and alleged that he was indigent and could not pay the fine. He claimed that a detainer placed against him by Ouachita Parish for nonpayment of the fine adversely affected his incarceration. The Ouachita Parish district court denied as *1309 premature the |2application for post conviction relief and the Second Circuit denied writs, stating:
(T)he trial court was correct in denying as premature the applicant’s claim for post conviction relief. A jail term based upon a defendant’s failure to pay a fine cannot, as a practical matter, be assessed at this time because the applicant is incarcerated elsewhere and because no determination has been made as to whether the failure to pay the fine is attributable to indigency or to other factors. [Citation omitted.]
Id. at 504. The Court further stated that the denial of rights by prison authorities because of the detainer was inappropriate, but suggested that the defendant could challenge the denial in the district court where the defendant was incarcerated.
Relator was represented by private counsel at trial. He was sentenced to 3 years at hard labor, plus a $1,000 fine or one day in jail, plus $161.50 for court costs or 30 days in jail. Relator filed a motion in the trial court to dismiss the fine and court costs because he is indigent and the detainer is illegal. The trial court dismissed the motion.
Relator’s claim that he cannot be subjected to increased imprisonment based on his inability to pay a fine or court costs is premature. Any claim by relator that he is being denied his constitutional rights as a result of the detainer issued in Orleans Parish should be brought in the parish where relator is incarcerated. State v. Perkins, supra.