## APPELL v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
November 26, 1928.

No. 5333.

R. E. Taylor and H. M. Muse, both of Wichita Falls, Tex., for appellant.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., and Sarah Cory Menezes, Asst. U. S. Atty., of Dallas, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This was a prosecution against Mamie Appell, appellant, and her husband, upon an indictment in three counts, which charged them in the first and second counts with having made sales, and in the third count with being in possession, of morphine, in violation of U. S. C. tit. 26 (26 USCA) § 692. The offenses were laid as of December 28, 1927, and the true bill was filed in open court March 27, 1928, although it was alleged in the caption that the indictment was found at the regular term beginning March 26, 1927.

The evidence for the government was to the effect that narcotic agents supplied marked money with which a purchaser selected by them for the purpose bought and paid for morphine on two occasions on the date alleged in the indictment; that these agents laid in wait until the second purchase had been made, and then proceeded immediately onto the premises of defendants and arrested them; that they found on Appell's person the money they had furnished for the second purchase, produced a search warrant, and after searching the premises found the money advanced for the first purchase, and also the morphine described in the third count. The court overruled an objection to the testimony relating to the evidence procured as a result of the search, but later, upon his attention being called to the fact that the search warrant had not been executed within 10 days after its date, held that the warrant was void, and thereupon directed a verdict of not guilty as to the third count, and instructed the jury not to consider, in arriving at their verdict on the other two counts, evidence as to the marked money or morphine found as a result of the search. Appellant was convicted on the first and second counts, and her husband was acquitted on all counts.

A motion was made to quash the indictment because of the date alleged in the caption, and the denial of that motion is assigned as error. If the date stated in the caption were controlling, it would result that the indictment was bad, because then the charge would be that the offenses were committed on a future date. But it is apparent

..

that the date stated in the caption was due to a purely clerical mistake, which did not affect any substantial right of appellant. The date upon which the true bill was filed governs, and it is thereby made to appear that the indictment charges past offenses. At most, the purely technical defect in the indictment was cured by U. S. C. A. tit. 28, § 391.

The remaining assignments of error complain of the evidence which disclosed discovery of the marked money, and it is argued in support thereof that, the search warrant being void, the search was unlawful, and the evidence inadmissible. It is to be conceded that the search warrant was void under U. S. C. tit. 18 (18 USCA) § 621; but we are of opinion that a search warrant was unnecessary. The officers had reasonable cause to believe that defendants had just committed a felony, and therefore had authority to arrest them without warrant. Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790. The arrests being legal, the officers had the right, incidental to the arrest, to search defendants and the place where the arrest was made, and seize the money as the fruits of the crime. Agnello v. U. S., 269 U. S. 20, 24, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; Cline v. U. S. (C. C. A.) 9 F.(2d) 621; Mattus v. U. S. (C. C. A.) 11 F.(2d) 503. As the evidence objected to was admissible, notwithstanding the fact that the search warrant was void, the withdrawal of that evidence from the consideration of the jury was favorable to appellant. Reversible error is not shown.

The judgment is affirmed.