## OWSLEY v. UNITED STATES.
### No. 7106.

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1933.

Rehearing Denied Jan. 13, 1934.

R. E. Eubank and H. B. Birmingham, both of Paris, Tex., for appellant.

S. D. Bennett, U. S. Atty., of Beaumont, Tex., for the United States.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellant was convicted on three counts of an indictment, each of which charged a separate sale of morphine without the written order required by statute, 26 USCA § 692; and was sentenced on each of two of the counts to imprisonment for five years, the sentences to run concurrently, and on the other count to pay a fine of $5,000.

He assigns error on the refusal of the trial court to grant a continuance. The motion for continuance set out: Two morphine addicts, Mills and Middleton, would testify that they bought morphine from appellant in the hall of a building adjoining the office of a lawyer named Roach; Adams, who had been served with a witness' subpœna but was absent, if present would deny this and testify that appellant had no transaction with the addicts in the hall; that they spoke to appellant in Roach's office but no sale of anything occurred there. At the trial Roach gave the testimony that was expected of Adams, and before the motion for a new trial was denied, Adams appeared before the court and stated that he knew no more than Roach did. Since it appears that the testimony of Adams was merely cumulative, the court acting in the exercise of a sound discretion did not err in denying the motion for continuance. Gilmore v. United States (C. C. A.) 268 F. 719.

Error is also assigned upon the admission of testimony to the effect that upon the arrest and search of appellant shortly after the sales there was found on his person the same numbered bills that had been given to the addicts with which to make the purchases. The officers making the arrest and search had received from the addicts the morphine which they were sent to buy. They therefore had reasonable cause to believe a crime had been committed, and, as incidental to the arrest, they had the right to search appellant and take from his person and use as evidence against him the money they had supplied to the addicts. Appell v. United States (C. C. A.) 29 F.(2d) 279.

There are other assignments of error, but as in our opinion they are clearly without merit they need not be separately considered.

As the fine imposed on the last count was in excess of the maximum of $2,000 authorized by the statute, it becomes necessary to send the case back for a reduction of the fine.

The judgment of conviction is affirmed, but with direction to resentence appellant on the last or fifth count.