KLEES, Judge.
On March 24, 1982 the appellant was charged with possession with intent to distribute marijuana and with being a convicted felon in possession of a firearm, such crimes having occurred on December 31, 1981. He was arraigned on April 13, 1982, and pled not guilty. On June 30, 1982, after a jury had been chosen, the appellant withdrew his former pleas and pled guilty as charged on each count pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He waived all delays and was sentenced to serve three years at hard labor on each count, the sentences were to run concurrently. Although he gave notice of intention to file writs to the Louisiana Supreme Court, no action was taken until May 10, 1984, when the appellant filed a motion for out-of-time appeal, and his appellate brief was filed on August 28, 1986.
By his sole assignment of error, the appéllant requests a review of the record for errors patent. Such review reveals that the trial court erred by not imposing a fine in addition to the imprisonment term the appellant received for his conviction for R.S. 14:95.1, which provides for a fine of “not less than one thousand dollars nor more than five thousand dollars” in addition to a term of imprisonment. Thus, the sentence is “unlawfully lenient” and an error patent favorable to the appellant does exist. However, in State v. Fraser, 484 So.2d 122 (La.1986), the Supreme Court held that where an error patent is favorable to a defendant, it may not be corrected on appeal where neither the defendant nor the State seeks such review. No other errors patent have been found.
Accordingly, appellant’s convictions and sentences are hereby affirmed.

AFFIRMED.