The defendant Bezzard, having been declared indigent and represented by court-appointed legal counsel, was convicted of DWI. The defendant was sentenced to pay a fine of $400 and costs and, in default thereof, to serve 90 days in jail. He was given an additional 30 day jail sentence. Upon payment of the fine and costs, the additional jail sentence was to be suspended and the defendant placed on supervised probation for one year.
Defendant has applied to this Court for a writ of review, asking that any portion of his sentence condemning him to serve time in jail in default of paying a fine be vacated as unconstitutional.
For the reasons set forth in State v. Lewis, 506 So.2d 562 (La.App.1987), this writ is granted to the extent that if, within the prescribed time defendant does not pay his fine and pleads inability to do so, the sentencing court shall hold a hearing to inquire into the reasons for failure to pay. If defendant willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the trial court may order execution of the jail sentences. If the defendant could not pay his fine despite sufficient bona fide efforts to acquire the resources to do so, the trial court must consider alternative measures of punishment other than imprisonment. Only if the alternative measures are not adequate to meet the State’s interests in punishment and deterrence, for reasons articulated by the trial judge, may the trial court order execution of the jail sentences. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). Also see Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971).
Otherwise, the writ is denied.