621 So.2d 26 (1993)
STATE of Louisiana, Appellee,
v.
Edward Anthony LEBEAU, Appellant.
No. 24743-KA.
Court of Appeal of Louisiana, Second Circuit.
June 23, 1993.
*27 John W. Evans, Jr., Bossier City, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, James M. Bullers, Dist. Atty., David G. Griffith, Asst. Dist. Atty., Benton, for appellee.
Before MARVIN, HIGHTOWER and BROWN, JJ.
MARVIN, Chief Judge.
After bargaining to plead guilty to forgery in return for the dismissal of a charge of theft, Edward LeBeau appeals his conviction and his sentence to the statutory maximum, 10 years at hard labor and a $5,000 fine.
This record allows us to resolve his specific complaints of ineffective counsel without requiring resort to post conviction relief. State v. Lobato, 588 So.2d 1378 (La. App.2d Cir.1991), affirmed, 603 So.2d 739 (La.1992); State v. Cupit, 508 So.2d 996 (La.App.2d Cir.1987), writ denied. We do not find his counsel was ineffective in the respects he contends.
Because the prerequisite motion to reconsider the sentence was not filed in the trial court, we do not review LeBeau's contention that the sentence is unconstitutionally *28 excessive. CCrP Art. 881.1; State v. Bryant, 607 So.2d 11 (La.App.2d Cir.1992).

SENTENCE ERROR PATENT
We note, however, two clear errors patent. First, LeBeau, although clearly advised that his plea of guilty exposed him "to serve as much as 10 years at hard labor," was not advised that he was additionally exposed to the $5,000 fine which was imposed. LRS 14:72. State v. Smith, 513 So.2d 544 (La.App.2d Cir.1987). Secondly, the trial court failed to comply with the mandate of CCrP Art. 884, which requires that where the sentence includes a fine, the sentence shall provide "that in default of payment ... the defendant shall be imprisoned for a specified period ..." Moreover, the record also shows LeBeau to be an indigent, who appeared here and below with appointed counsel, and who was sentenced to the maximum term of years. Compare State v. Dickerson, 579 So.2d 472 (La.App. 3d Cir.1991), modified, 584 So.2d 1140 (La.1991); State ex rel. Morales v. Court of Appeal Third Circuit, 575 So.2d 1389 (La.1991).
The errors patent we mention are not ones "favorable" to, or "illegally lenient" for, a defendant, which we do not correct unless review of the particular error is sought either by the defendant or the State. State v. Samuels, 471 So.2d 883 (La.App.2d Cir.1985); State v. Toomer, 572 So.2d 1152 (La.App. 1st Cir.1990). See also State v. Williams, 495 So.2d 314 (La.App. 4th Cir.1986).
A sentence that imposes on an indigent the maximum incarceration and the maximum fine, with default time as statutorily mandated, however, is a longer sentence than the statutory maximum and is therefore detrimental to the defendant and unconstitutional. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); Dickerson, supra; State v. Henderson, 571 So.2d 770 (La.App.2d Cir. 1990). Such a sentence may be "corrected" either by the trial court or by an appellate court on review. CCrP Arts. 881.5, 882. How a particular sentencing error should be corrected has posed problems. Compare factual circumstances of the cases cited in fn. 2, Henderson, supra, with those cited and discussed in Dickerson, supra.
In Dickerson, supra, the appellate court let stand a sentence that imposed incarceration and a fine without the statutorily mandated default time for nonpayment of the fine. Under the circumstances of this record and because LeBeau was not advised of his exposure to the fine which was a part of the sentence, we shall "correct" the sentence by vacating the fine while affirming the conviction and the sentence to 10 years at hard labor. CCrP Art. 882. Compare State v. Jenkins, 451 So.2d 1142 (La.App. 3d Cir.1984), writ denied, before the effective date of Act 587 of 1984 granting this authority to the appellate court in Art. 882.

INEFFECTIVE COUNSEL
LeBeau was properly Boykinized. We paraphrase the essential facts of the crime that were recited to LeBeau during Boykinization:
On February 8, 1991, LeBeau met Marsha Adkins in a parking lot in Bossier City to negotiate the purchase of jewelry. There he wrote and signed a check to her for $1,050 in the name of Glen T. Hamptom in return for the jewelry. Ms. Adkins filed a formal complaint when the check was not honored. This check was forged by LeBeau, according to crime lab handwriting analysis.
Under oath, LeBeau answered affirmatively that the recited facts were correct. His appointed counsel thereafter answered that LeBeau's statements to the court had been "truthful ... free and voluntary."
THE COURT: ... How do you plead, then, sir, to the charge of forgery?
MR. LEBEAU: Guilty, your honor.
LeBeau's principal complaint of ineffective assistance of counsel is that his appointed trial counsel had only "very few" meetings with him. LeBeau's earlier pro se brief (p. 14) mentions at least two meetings with his counsel. Brevity of consultation time alone cannot support an ineffective counsel claim. Murray v. Maggio, 736 *29 F.2d 279 (5th Cir.1984). Murray's attorney spoke with him once for about 20 minutes. We note here, as the Murray court noted, that the case was not complicated and the facts could have been discussed in a short time frame. Additionally and like Murray, LeBeau has not shown what additional evidence could have been produced in more meetings with counsel.
LeBeau also complains that "as far as he knows," his appointed counsel did not "investigate" the merits of pro se pretrial motions LeBeau filed. This is a conclusional charge that does not satisfy LeBeau's Strickland burden. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). LeBeau's complaint is better stated as counsel's failure to file particular pretrial motions, but again is less than an assertion of specific prejudice arising from the alleged failure. Again LeBeau has not met Strickland standards. State v. Seiss, 428 So.2d 444 (La.1983).
The filing of pretrial motions is squarely within the ambit of an attorney's trial strategy. Counsel is not required to engage in futility. Murray, cited supra.
LeBeau's final complaint of ineffectiveness rests on the counsel's alleged failure to advise him that he could be fined $5,000. We shall assume, arguendo, the truth of this complaint because it is obvious in this record that neither the court, nor the state, nor LeBeau and his appointed counsel contemplated at the Boykin hearing that LeBeau would be sentenced to a fine in addition to a prison sentence. LeBeau does not complain that he was not advised of his exposure to a 10-year hard labor sentence. Deleting the fine as error patent, we note this discourse at the guilty plea hearing:
THE COURT: Do you understand for the crime of forgery, you could ... be ordered to serve as much as ten years at hard labor? Do you understand that?
MR. LEBEAU: Yes, your honor.
THE COURT: I've made no commitment as to what my sentence will be. If you plead guilty, I'll order a pre-sentence investigation and you'll be ordered to come back ... and I'll sentence you at that time. Do you understand that?
MR. LEBEAU: Yes, your honor.

CONCLUSION
Two of LeBeau's three complaints of ineffective trial counsel strike at his counsel's alleged failure to spend more time with him and investigate the merits of LeBeau's pro se pretrial motions. The third complaint, once the $5,000 fine is deleted, relates more to the excessiveness of the 10-year hard labor sentence than to ineffectiveness of counsel. LeBeau acknowledged during his Boykinization that he was exposed to a 10-year hard labor sentence. We cannot presume that LeBeau's appointed trial counsel was ineffective in the respects of which LeBeau complains in this factually uncomplicated case. Murray, supra; Strickland v. Washington, supra.

EXCESSIVENESS
Because of appellant's failure to file the 881.1 motion in the trial court, we do not reach the question of whether the 10-year hard labor maximum sentence is constitutionally excessive. The sentencing guidelines state the procedure and the factors necessary for upward departure from the sentencing grid. These guidelines should be considered by the lower court in cases which hereafter arise. If the court wishes to make personal comments hereafter about its evaluation of particular law, including the sentencing guidelines, or about a particular defendant, it may not do so in injudicious language such as the court used during the sentencing hearing in this case. High ethical standards are required of both the bench and the bar.

DECREE
The $5,000 fine imposed on appellant is hereby deleted from the sentence. The conviction and the sentence to 10 years at hard labor are AFFIRMED.