698 So.2d 744 (1997)
STATE of Louisiana, Appellee,
v.
Joseph C. JONAS, Appellant.
No. 29750-KA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1997.
Louisiana Appellate Project by Peggy Sullivan, Monroe, for Appellant.
Richard P. Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Jimmy White, Assistant District Attorney, for Appellee.
Before MARVIN, C.J., and BROWN and WILLIAMS, JJ.
WILLIAMS, Judge.
The state initially charged defendant with possession of more than 60 pounds of marijuana, a violation of La. R.S. 40:966. The *745 state and defendant entered into a plea agreement under which defendant pled guilty to conspiracy to distribute marijuana, a violation of La. R.S. 40:979 and 40:966 punishable by not more than fifteen years at hard labor plus a fine not to exceed $25,000. In exchange for the guilty plea, the state agreed to a sentence cap of not more than ten years at hard labor. The district court sentenced defendant to serve nine years at hard labor and to pay a fine of $1,000 with 60 days in jail in default of payment, and denied a timely motion for reconsideration. Defendant urges on appeal[1] that the sentence is excessive and that the trial court failed to consider as mitigation defendant's age and cooperation with authorities. We affirm.
The record discloses that in August, 1994 Louisiana State Troopers in Ouachita Parish stopped a flatbed truck and an automobile which was following it for speeding. The circumstances led to a consent search of the truck. The police officers discovered 99 pounds of marijuana in a hidden compartment. Defendant, who was driving the car, said his jobfor which he was paid $2,000 was to make sure the truck's driver "didn't run off with the drugs" while they drove from Houston to Miami. Defendant said that if the truck driver tried to abscond with the marijuana, defendant would make a phone call and the driver would not live more than a week.
Defendant has no right to appeal his sentence. La.C.Cr.P. art. 881.2(A)(2) provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This provision applies both to agreed sentences and to agreed sentence ceilings or "caps." State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Rice, 26,478 (La.App.2d Cir. 12/7/94), 648 So.2d 426, writ denied, 95-0431 (La.6/16/95), 655 So.2d 340.
Since the record shows that the state, the defendant, and the trial court all agreed to the 10-year sentence "cap" or ceiling on defendant's sentence, and the subsequent sentence was imposed within the limits of this agreement, defendant cannot appeal his sentence. Even if we were to examine the sentence for constitutional excessiveness, we would find no error under the circumstances. The evidence shows that defendant clearly was guilty of the offense originally charged, which carries a sentence range of not less than 10 years nor more than 60 years at hard labor. He secured a substantial benefit from his plea bargain's reduction of his sentencing exposure. The sentence imposed is not constitutionally excessive.
Our error patent review discloses that during the guilty plea the court did not advise defendant that the statute of conviction required the imposition of a fine. The record also shows that defendant is represented on appeal by appointed counsel, but has been sentenced to pay a fine and serve a jail term in default of payment.
An indigent defendant may not be subjected to imprisonment because he is unable to pay a fine which is part of his sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Monson, 576 So.2d 517 (La.1991). We therefore delete that portion of the sentence providing for a fine while affirming the conviction. State v. LeBeau, 621 So.2d 26, 28 (La.App. 2d Cir.), writ denied, 629 So.2d 359 (1993). No other errors patent were noted.

DECREE
The $1,000 fine imposed on defendant is deleted from the sentence. The defendant's conviction and the sentence to nine years at hard labor are AFFIRMED.
NOTES
[1] Defendant's motion for appeal was not filed within the five-day period required by La.C.Cr.P. art. 914 following denial of his motion for reconsideration of sentence. In the interest of judicial economy, we entertain the appeal, noting that he would be entitled to reinstatement of his appellate rights under State v. Counterman, 475 So.2d 336 (La. 1985).