hPER CURIAM.
The defendant, Raphael Sanchez, appeals as excessive his sentence to 30 years at hard labor following his guilty plea to possession of more than 28 grams of cocaine. We affirm the conviction and sentence.
FACTS
On March 25, 1998, a Louisiana State Trooper observed a vehicle being driven in Webster Parish by the defendant in an erratic manner. The trooper made a traffic stop. After discussion, the defendant gave consent to a search of the vehicle. The trooper found ten hidden packages which contained a total of 13.2 pounds of cocaine.
Defendant admitted he knew the vehicle contained the cocaine. The defendant was arrested and charged with possession of more than 400 grams of cocaine and with possession of cocaine with intent to distribute. Pursuant to a plea agreement, the defendant entered a plea of guilty to the reduced charge of possession of more than 28 grams of cocaine. Further, the prosecution agreed upon a sentencing cap of 40 years for this offense. The charge of possession of cocaine with intent to distribute was dismissed.
The defendant entered a plea to the amended charge on January 5, 1999. The defendant is Puerto Rican and his attorney, as well as an interpreter, were present in court to assure that the defendant understood the proceedings against him. The defendant was informed of his right to trial by jury, his right of confrontation and his right against compulsory self incrimination and that he waived those rights by pleading guilty. The defendant was also instructed that the offense to which he pled carried a sentence of ten years to sixty years at hard labor and a fine of $50,000 to $150,000. He indicated that he understood that in exchange for his guilty plea, the prosecution agreed to a sentencing cap of forty years at hard labor. The defendant stated that he was not coerced to enter the | ¡.guilty plea and that he admitted that he committed the offense. The court accepted the defendant’s plea of guilty.
The defendant appeared before the court for sentencing on March 15, 1999. In accordance with the agreed upon sentencing cap, the defendant was sentenced to serve 30 years at hard labor and was ordered to pay a fine of $50,000. The defendant was given credit for time served and was informed of the time limitations for applying for post conviction relief. The defendant timely filed a motion to reconsider the sentence which was denied by the trial court on March 19, 1999. The defendant appealed.
DISCUSSION
La.C.Cr.P. art. 881.2(A)(2) provides: “The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This provision applies both to agreed sentences and to agreed ceilings, “ranges” or “caps.” State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Rice, 26,478 (La.App.2d Cir.12/7/94), 648 So.2d 426, writ denied, 95-0431 (La.6/16/95), 655 So.2d 340.
Since the record shows that the prosecution, the defendant, and the trial court all agreed to the ceiling on defendant’s sentence, and the subsequent sen *870 tence was imposed within the limits of that agreement, the defendant may not appeal his sentence. See State v. Jonas, 29,750 (La.App.2d Cir.8/20/97), 698 So.2d 744.
Even if we were to review the sentence for constitutional excessiveness, we would find no error. The 43-year-old defendant received a substantial benefit from the plea bargain which reduced his minimum sentencing exposure from thirty years to ten years. The facts of the case show he committed the offense originally charged. The sentence imposed is 25 percent below the agreed limit and is only 50 percent of what defendant faced for the offense of conviction. Considering his background, family circumstances and work history, as articulated by the trial | ¡¡court, there is no abuse of sentencing discretion. The sentence is not constitutionally excessive.
We have examined the record for errors patent and have found none.
CONCLUSION
For the reasons stated above, the conviction and sentence of the defendant, Raphael Sanchez, are affirmed.
AFFIRMED.