DREW, J.
 

 LNavarius Simon pled guilty to the crime of distribution of cocaine, a Schedule II controlled dangerous substance, subject to an agreed 20-year cap. He now appeals his 12-year hard labor sentence. We affirm the conviction. We amend his sentence, to order that two years (of the
 
 *572
 
 12) be served without benefit of parole, probation, or suspension of sentence. As amended, we affirm the sentence.
 

 CHRONOLOGY
 

 On February 27, 2007, the defendant, Navarius Simon, sold a $50.00 bag of powdered cocaine to an undercover agent of the Tri-Parish Drug Task Force in the parking lot of the DeSoto Estates.
 

 As a result of this conduct, defendant was charged with distribution of cocaine within 1,000 feet of a drug-free zone, a violation of La. R.S. 40:967(A)(1) and La. R.S. 40:981.3(A)(3)(a).
 

 On July 16, 2007, the defendant pled guilty as charged to one count of distribution of cocaine with an agreed 20-year cap in exchange for which the state agreed to:
 

 • not seek an enhanced penalty based on the violation- of the drug-free zone;
 

 •
 
 nolle pros
 
 a separate charge for failure to register as a sex offender; and
 

 • not seek his adjudication and sentence as an habitual offender.
 

 On September 6, 2007, the defendant was sentenced as noted above.
 

 DISCUSSION
 

 Defendant challenges the sentence as being constitutionally excessive.
 

 |2Where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive, and there is no need for the trial judge to give reasons for the sentence as normally required by La. C. Cr. P. art. 894.1.
 
 State v. Young,
 
 96-0195 (La.10/15/96), 680 So.2d 1171;
 
 State v. Foster,
 
 42,212 (La.App.2d Cir.8/15/07), 962 So.2d 1214. Since the court and all parties agreed to the sentencing'ceiling, and since the subsequent sentence was well within the limits of that agreement, defendant may not appeal his sentence. See
 
 State v. Jonas,
 
 29,750 (La.App.2d Cir.8/20/97), 698 So.2d 744.
 

 Even if we were to examine the sentence for constitutional excessiveness, we would find no error under the circumstances. The defendant pled guilty to a crime which carries a sentencing range of not less than two years nor more than 30 years at hard labor. Because of where the crime occurred, his total exposure was 45 years’ imprisonment at hard labor,
 
 [1]
 
 and possibly more, had the state not agreed to forgo filing a habitual offender bill. The defendant secured a substantial benefit from his plea bargain and the 20-year cap. The sentence imposed is clearly not constitutionally excessive.
 

 ERROR PATENT REVIEW
 

 Our error patent review discloses that the trial court failed to order that two years of this sentence shall be served without the benefit of probation, parole, or suspension of sentence, as required by La. R.S. 40:967 |sB(4)(b). This is harmless error. La. R.S. 15:301.1(A) provides in pertinent part:
 

 The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole or suspension of sentence.
 

 Accordingly, there is no need to remand for correction of the sentencing error.
 

 When a district court fails to order statutorily mandated service of sentence
 
 *573
 
 without benefits, the sentence will automatically be served without benefits for the required time period. See
 
 State v. Williams,
 
 2000-1725 (La.11/28/01), 800 So.2d 790. Consequently, we order that the sentence of 12 years be served at hard labor, with two years of the sentence to be served without benefit of probation, parole, or suspension of sentence.
 

 We further order that the trial court minutes be amended to reflect this adjustment of defendant’s sentence.
 

 CONCLUSION
 

 The defendant’s conviction is affirmed. The defendant’s 12-year hard labor sentence is amended to reflect that two years is to be served without the benefit of probation, parole or suspension of sentence. Further, we order the trial court minutes to be amended, in order to reflect our sentencing disposition.
 

 CONVICTION AFFIRMED; SENTENCE AMENDED AND, AS AMENDED, AFFIRMED; WITH INSTRUCTIONS FOR CORRECTION OF THE MINUTES.
 

 [1]
 

 . See La. R.S. 40:981.3(E).