Judgment rendered November 19. 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,559-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

CEDRICK STROUGHTER                          Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 379,129

Honorable Christopher T. Victory, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Christopher Albert Aberle

JAMES E. STEWART, SR.                    Counsel for Appellee
District Attorney

TOMMY JAN JOHNSON
VICTORIA T. WASHINGTON
Assistant District Attorneys

* * * * *

Before STONE, ROBINSON, and MARCOTTE, JJ.

**ROBINSON, J.**

Cedrick Stroughter ("Stroughter") was charged by bill of information on January 6, 2021, with possession of a firearm by a convicted felon. Stroughter pled guilty as charged on September 28, 2022, as part of an agreement that the State would not file a habitual offender bill. On October 17, 2022, Stroughter was sentenced to a maximum 20 years without benefits and to pay a fine of $2,500 and costs of court. A motion to reconsider sentence was filed on November 16, 2022, which was denied. The trial court granted Stroughter's out-of-time appeal filed on August 26, 2024, and amended appeal on March 20, 2025. Louisiana Appellate Project was appointed to represent Stroughter.

For the reasons set forth below, we AFFIRM the sentence as AMENDED.

## FACTS AND PROCEDURAL BACKGROUND

Officer Xiomara Clements ("Officer Clements"), of the Shreveport Police Department, testified at the preliminary examination hearing and provided the following facts. Officer Clements responded to a call regarding shots being fired in the vicinity of Hearne Avenue and Hollywood Avenue. Witnesses stated that the suspect's vehicle was black, and the suspect was possibly wearing all white. Officers gathered at Dollar Mania, where the witnesses had claimed the shots were fired. Officer Clements testified she and another officer saw a small, black vehicle coming out of the back, gated parking lot of the Dollar Mania, and conducted a traffic stop of the vehicle. Stroughter was the front seat passenger and was wearing all white clothing. Two 9-millimeter pistols were discovered in the vehicle. One of the pistols was in a polyester holster located between the console and the front

passenger seat and was warm to the touch. The other pistol was within Stroughter's wingspan. The shooting resulted in an injury, but there was not enough evidence to conclusively link Stroughter to the shooting.

The record contained Stroughter's criminal history. He was arrested on May 12, 2009, shortly before his 18th birthday, and charged with aggravated assault with a firearm and discharging a firearm within the city limits. He received a 2-year suspended sentence and was placed on supervised probation for 2 years. Stroughter was also convicted of burglary of an inhabited dwelling on July 15, 2015, and received a 4-year sentence. He then was convicted of possession of a firearm by a convicted felon on January 6, 2020, and received a 3-year sentence. There were multiple other arrests with no resulting charges or convictions. Stroughter had been released from prison approximately 2 weeks before the traffic stop leading to the current charge. During the guilty plea hearing, Stroughter testified that he had a good job in the oil field, and he had six children with another on the way. During the sentencing hearing, portions of Stroughter's sentencing memorandum were read into the record, which included statements that he accepted responsibility and was remorseful, and recognized that being in a vehicle with firearms within reach was a poor decision.

## DISCUSSION

### *Imposition of Fine*

Stroughter notes that the trial court waived the $1,000 fine at the time of his guilty plea, pursuant to La. C. Cr. P. art. 875.1, when he stated that he could not pay a fine if incarcerated. Stroughter waived the ability to pay hearing at the time of sentencing; however, the trial court ultimately

2

imposed a fine of $2,500.  Stroughter asserts that the trial court's initial waiver of the fee should have precluded the imposition of a fine.

The State acknowledges that the court determined that Stroughter lacked the financial ability to pay a fine and waived the fine at the time of the guilty plea, pointing out that the minutes did not record the waiver.  As such, the State agrees that a waiver of the fine previously ordered by the court precluded the imposition of the $2,500 fine.  It refers to this Court's holding in *State v. LeBeau*, 621 So. 2d 26 (La. App. 2 Cir. 1993), *writ denied*, 629 So. 2d 359 (La. 1993), that the court has the authority to vacate the fine imposed.

We agree with both parties and vacate the $2,500 fine imposed.

***Constitutionally Excessive Sentence***

Stroughter claims that the trial court's imposition of the maximum sentence of 20 years without benefits is unconstitutionally excessive given the facts and circumstances of the case.  He points out that, although a shooting took place, he was not charged with any offense related to the discharge of a firearm.  Stroughter claims that he did not set out to acquire a weapon and arm himself; rather, he simply got into a car, and the owner of that car had legal weapons.  He asserts that, even though he was recently out of prison, he had obtained a good job, and there would be hardship imposed on his family if they were deprived of his support.

Stroughter particularly argues that the trial court failed to provide any information beyond his criminal history to support a claim that he was the worst of offenders and this was the worst of offenses.  "[M]aximum sentences 'are reserved for ... the most serious violations of the charged offense and for the worst kind of offender.'"  *State v. Cozzetto*, 07-2031,

(La. 2/15/08), 974 So. 2d 665, 666, *quoting State v. Quebedeaux*, 424 So. 2d 1009, 1014 (La. 1982).

The State points out that the trial court specifically referred to certain aggravating factors of La. C. Cr. P. art. 894.1 and reviewed its sentencing reasons. It argues that Stroughter's overwhelming criminal history placed him in the category of the worst offenders of the offense, such that he deserved the maximum sentence. It also asserts that Stroughter benefited from his plea agreement to avoid a habitual offender bill that would subject him to a greater sentencing range of 10 to 40 years as a third offender.

Appellate courts use a two-prong test when reviewing a sentence for excessiveness: (l) the trial record must demonstrate that the trial court complied with the guidelines in La. C. Cr. P. art. 894.1 (list of sentencing factors); and (2) the appellate court must determine if the sentence is constitutionally excessive. *State v. Fuller*, 55,859 (La. App. 2 Cir. 11/20/24), 400 So. 3d 1205; *State v. Taylor*, 54,875 (La. App. 2 Cir. 1/11/23), 354 So. 3d 808, *writ denied*, 23-00297 (La. 11/8/23), 373 So. 3d 60; *State v. Loftin*, 55,266 (La. App. 2 Cir. 9/27/23), 372 So. 3d 889; *State v. Trotter*, 54,496 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1116; *State v. Holloway*, 54,523 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1090, *writ denied*, 22-01090 (La. 9/20/22), 346 So. 3d 802; *State v. O'Neal*, 54,581 (La. App. 2 Cir. 6/29/22), 342 So. 3d 433.

Articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. *State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307; *State v. Duncan*, 53,194 (La. App. 2 Cir. 1/15/20), 290 So. 3d 251; *State v. Kelly*, 52,731 (La. App. 2 Cir. 6/26/19), 277 So. 3d 855, *writ denied*, 19-01845 (La. 6/3/20),

4

296 So. 3d 1071. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/1 7), 219 So. 3d 332. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *Bell*, *supra*. Important elements to be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *Bell*, *supra*; *State v. Thompson*, 50,392 (La. App. 2 Cir. 2/24/16), 189 So. 3d 1139, *writ denied*, 16-0535 (La. 3/31/17), 217 So. 3d 358; *DeBerry*, *supra*; *State v. Bradford*, 29,519 (La. App. 2 Cir. 4/2/97), 691 So. 2d 864; *State v. Hudgins*, 519 So. 2d 400 (La. App. 2 Cir. 1988), *writ denied*, 521 So. 2d 1143 (La. 1988). There is no requirement that specific matters be given particular weight at sentencing. *DeBerry*, *supra*; *State v. Shumaker*, 41,547 (La. App. 2 Cir. 2/13/06), 945 So. 2d 277, *writ denied*, 07-0144 (La. 9/28/07), 964 So. 2d 351.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence is excessive and violates La. Const. art. I, Sec. 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Bonanno*, 384 So. 2d 355 (La. 1980); *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *Bell*, *supra*; *Trotter*, *supra*; *State v. Lobato*, 603 So. 2d 739 (La. 1992); *State v. Davis*, 449 So. 2d 452 (La.

5

1984); *State v. Johnson*, 709 So. 2d 672 (La. 1998); *State v. Johnson*, 406 So. 2d 569 (La. 1981); *State v. Jackson*, 51,575 (La. App. 2 Cir. 9/27/17), 244 So. 3d 764. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Modisette*, 50,846 (La. App. 2 Cir. 9/28/16), 207 So. 3d 1108; *DeBerry*, *supra*.

On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Bell*, *supra*; *Trotter*, *supra*; *Holloway*, *supra*; *O'Neal*, *supra*; *State v. Jones*, 99-2207 (La. 1/29/01), 778 So. 2d 1131; *State v. Soraparu*, 97-1027 (La. 10/13/97), 703 So.2d 608. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. *Bell*, *supra*; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So.3d 1289. The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So.2d 7; *Allen*, *supra*.

A proportionality review reveals the court has upheld maximum or near-maximum sentences involving convictions for possession of a firearm by a convicted felon. *State v. Johnson*, 56,043 (La. App. 2 Cir. 1/15/25), 403 So. 3d 679; *State v. Williams*, 55,926 (La. App. 2 Cir. 11/20/24), 401 So. 3d 912; and *State v. McDonald*, 54,838 (La. App. 2 Cir. 1/11/23), 354 So. 3d 820.

The trial court discussed its reasoning for imposition of Stroughter's sentence of imprisonment, noting that he was in need of correctional treatment, he had already pled guilty to a felony in 2009 with a suspended sentence which was revoked the following year, and the current charge was his fourth felony in the last 11 or 12 years. The court noted that it considered the mitigating and aggravating factors of La. Cr. Cr. P. art. 894.1(B), specifically Stroughter's significant criminal history, including multiple arrests not resulting in convictions. It also stated that it found none of the mitigating factors applied. In addition, the court acknowledged that possession of a firearm by a convicted felon was a serious crime, and it was not the first time he had been charged therewith. Further, Stroughter had just been released from prison and was on parole, and he had three prior felonies. The court stated that the case demanded a maximum sentence. We find no abuse of discretion.

## CONCLUSION

For the reasons stated hereinabove, Stroughter's sentence of 20 years at hard labor without benefits of is hereby AFFIRMED but AMENDED to vacate the $2,500 fine imposed.